DUHÉ, Circuit Judge,
concurring:
I agree that the receiver’s failure to invoke the optional stay simultaneously with the giving of notice to creditors means that the pending action was not suspended under § 1821(d)(12) but continued under § 1821(d)(5)(F)(ii). (Paragraph (5)(F)(ii) recognizes that a claimant’s right to continue a pre-appointment law suit is not prejudiced unless the receiver requests a stay under paragraph (12)). A plaintiff whose suit continues cannot have his claim disallowed for failure to continue his suit.
I write separately to express my opinion that RTC’s failure to mail the notice required under § 1821(d)(3)(C) is also dispositive, for two reasons.
First, the failure to mail notice left the receiver without the power to determine the plaintiffs’ claim administratively and, therefore, exempted plaintiffs from the exhaustion requirement notwithstanding Meliezer. In Meliezer, a suit filed against the receiver post-appointment, the receiver’s failure to mail notice upon learning the identity of the claimant (under subsection (d)(3)(C)(ii)) did not relieve the claimant from the obligation to exhaust administrative remedies, because subsection (d)(3)(C) does not impose “a consequence for failure of compliance.” [1] The Meliezer claimant was a debtor of the institution, not shown on the institution’s books as a creditor, and the claim became known to the receiver only upon the filing of the suit after the bar date for filing claims had passed. The plaintiff could have filed an administrative claim belatedly at the time of its complaint which the receiver would likely have disallowed.[2] I would not extend the holding of Meliezer to a creditor suit filed against the *911 institution before appointment of the receiver. In the case of a claimant with a suit pending when the receiver is appointed, I would hold that if the receiver fails to give notice of the elaims-filing deadline as required under § 1821(d)(3)(C), it lacks authority to determine the claim under § 1821(d)(3)(A).
Chief Judge Politz’s opinion recognizes, at least implicitly, that the receiver’s notice to a claimant with a suit pending against the receiver is important. I consider his reference to the receiver’s “request [for a] substitute or supplemental filing” an allusion to the receiver’s duty to notify a plaintiff of any administrative filing requirements. Thus if the receiver requests a stay of a suit without requesting from the claimant a “substitute or supplemental filing,” the receiver must consider the claim administratively based solely on the complaint. The mailing of notice under § 1821(d)(3)(C) would constitute such a request for substitute or supplemental presentation of the claim at the address given in the notice.
Second, I would hold that the Due Process Clause requires mailed notice to a claimant known to the receiver by virtue of his having filed suit against the institution before the appointment of the receiver. For such claimants, publication of notice (which is sufficient for unknown claimants[3]) is constitutionally infirm. See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 317-20, 70 S.Ct. 652, 658-60, 94 L.Ed. 865 (1950) (holding that notice by newspaper publication, which is sufficient for unknown or missing claimants, is unconstitutional with respect to known persons whose whereabouts are also known); Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 798-800, 103 S.Ct. 2706, 2711-12, 77 L.Ed.2d 180 (1983) (requiring under the Due Process Clause that a proceeding affecting the property of a party whose name and address are reasonably ascertainable be preceded by personal service or mailed notice). These fundamental princi-pies of due process dictate that a claimant known because of a pending law suit enjoys the protection of § 1821(d)(3)(C) (mailed notice to creditors shown on the institution’s books or to claimants who become known) as a constitutional minimum.
I nevertheless concur. Regardless of the adequacy of the notice given by the receiver under either the constitution or FIRREA itself, the receiver must also request a stay to suspend judicial action in a case filed pre-appointment. Otherwise, the jurisdiction of the court continues.

. Meliezer, 952 F.2d at 883. Unlike the Meliezer panel, I find sound statutory basis for the argument that the receiver's very authority to determine claims hinges on its compliance with the notice requirements. See § 1821(d)(3)(A) (receiver may determine claims in accordance with “requirements” of § 1821(d)); § 1821(d)(3)(B) (receiver “shall” publish notice); § 1821(d)(3)(C) (receiver "shall” mail a similar notice to creditors shown on the institution’s books and claimants who become known); see also Meliezer, 952 F.2d at 881 (recognizing that under § 1821(d)(3) it is the new claims procedure which "gives the Receiver ... authority to review claims”); id. at 880 (recognizing that by publishing the notice and establishing a claims deadline the RTC "implement[s] the administrative claims process"); Brady Dev. Co. v. RTC, 14 F.3d 998, 1001 (4th Cir.1994) (noting that RTC "began its claims process" by publishing the required notice). Because the notice provisions are mandatory under paragraph (3)(B) & (C), I consider them a "requirement” of subsection (d). I also interpret paragraph (3) (A) as conferring authority to determine claims only if the receiver satisfies such "requirements.” Accordingly, the statutory scheme does provide a consequence for the failure of compliance with the notice requirement.

. See § 1821(d)(5)(C)(i) (providing for final disal-lowance of claims filed after the date given in the published notice, unless clause (ii) applies, i.e., claimant does not have notice of the appointment of the receiver in time to file a claim before the bar date but files in time to permit payment).

. Meliezer is again distinguishable. This Court never considered the effect of the constitutional requirement of due process on the statutory notice provisions in that case. The Meliezer plaintiff apparently received constitutionally adequate notice via the newspaper publication. Meliezer at 883 n. 7. Until suit was filed after the receiver was appointed and indeed after the bar date had passed, the Meliezer plaintiff was not a known claimant and was known only as a debtor of the institution. Id. at 880.